**Lavorne L. JACKSON et al.**

v.

**Morris WEAVER.**

Supreme Judicial Court of Maine.

Argued May 6, 1996.

Decided June 20, 1996.

Andrew Ketterer, Attorney General, James A. McKenna (orally), Assistant Attorney General, Augusta, Edward S. David, Joyce, Dumas, David and Hanstein, P.A., Farmington, for Plaintiffs.

Paul R. Tardif (orally), Edward Rabasco, Jr., Gosselin, Dubord & Rabasco, P.A., Lewiston, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

Morris Weaver appeals from the judgment entered in the Superior Court (Androscoggin County, *Saufley, J.*) vacating the judgment entered in the District Court (Livermore Falls, *Sheldon, J.*) dismissing for lack of personal jurisdiction the child support action brought against him by Lavorne Jackson. Weaver contends that his conduct in response to Jackson's complaint does not constitute a waiver of his right to assert the court's lack of personal jurisdiction over him and that the court has no jurisdiction over him pursuant to the Maine Long–Arm Statute, 14 M.R.S.A. § 704–A(2) (1930). Because the long-arm statute confers personal jurisdiction over Weaver, we affirm the judgment.

In 1978 Lavorne Jackson and Morris Weaver engaged in a brief romantic relationship in Florida and then separated. Jackson moved to Maine, Weaver to Tennessee. When Jackson realized she was pregnant she asked Weaver to come to Maine, which he did, but after trying for a couple of months to live together Weaver and Jackson parted again, and Weaver returned to Tennessee. In 1979 Jackson gave birth in Maine to a son. She and her son remained in Maine and received support payments under the auspices of the Department of Human Services (DHS).

In 1993 Jackson filed a complaint against Weaver in the District Court for the determination of the parental rights and responsibilities as to her son pursuant to 19 M.R.S.A. § 214 (Supp.1995). The complaint was served personally on Weaver in Tennessee. Weaver answered the complaint *pro se* with a letter to the court and a copy to Jackson's attorney asking that he be assured that the boy was his son. The District Court, after a pretrial conference with Jackson's attorney in which Weaver, although notified, did not participate, authorized Weaver to have paternity blood tests done at his own expense and ordered him to stipulate or provide evidence as to the results. Several weeks later the court over Jackson's objection allowed Weav-

er, now with counsel, to amend his "answer" to assert as a defense the court's lack of personal jurisdiction over him.

The court at this juncture granted a DHS motion to intervene pursuant to 19 M.R.S.A. § 448 (Supp.1995) to seek arrears of the public assistance and medical expenses the State had paid on behalf of Jackson's son. On the day set for the trial the court heard testimony as to personal jurisdiction from Weaver and from Jackson, then continued the hearing. Before the trial was resumed the District Court decided as a matter of law pursuant to the long-arm statute, 14 M.R.S.A. § 704–A(2) (1980), that the court lacked personal jurisdiction over Weaver for the purpose of determining child support.[1]

Jackson, joined by DHS, appealed to the Superior Court from the District Court's decision. The Superior Court decided that Weaver had waived his right to challenge the District Court's personal jurisdiction over him, vacated the District Court's judgment, and remanded the case for trial. Weaver filed a timely appeal pursuant to M.R.Civ.P. 73 to this Court from the Superior Court's judgment.

The proper exercise of personal jurisdiction in a Maine court hinges on the satisfaction of two requirements: first, that the Maine Long–Arm Statute, 14 M.R.S.A. § 704–A (1980),[2] confers personal jurisdiction on the court; and second, that the exercise of jurisdiction pursuant to the long-arm statute complies with constitutional due process requirements. By express language of the long-arm statute, the courts must find personal jurisdiction to the fullest extent permitted by the due process clause of the United States Constitution. 14 M.R.S.A. § 704–A(1) (1980).

The long-arm statute allows Maine courts to exercise personal jurisdiction over

A. The transaction of any business within this State;

B. Doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State;

C. The ownership, use or possession of any real estate situated in this State;

D. Contracting to insure any person, property or risk located within this State at the time of contracting;

E. Conception resulting in paternity within the meaning of Title 19, chapter 5, subchapter III;

F. Contracting to supply services or things within this State;

G. Maintaining a domicile in this State while subject to a marital or family relationship out of which arises a claim for divorce, alimony, separate maintenance, property settlement, child support or child custody; or the commission in this State of any act giving rise to such a claim; or

H. Acting as a director, manager, trustee or other officer of a corporation incorporated under the laws of, or having its principal place of business within, this State.

I. Maintain [sic] any other relation to the State or to persons or property which affords a basis for the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States.

. . . .

4. Jurisdiction based upon this section. Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

---

1. The District Court, having determined it had personal jurisdiction over Weaver for that purpose, issued an order assigning all parental rights and responsibilities except child support to Jackson. Weaver does not dispute he is the father and does not challenge the order.

2. 14 M.R.S.A. § 704–A (1980) provides in pertinent part:

    1. Declaration of purpose. It is declared, as a matter of legislative determination, that the public interest demands that the State provide its citizens with an effective means of redress against nonresident persons who, through certain significant minimal contacts with this State, incur obligations to citizens entitled to the state's protection. This legislative action is deemed necessary because of technological progress which has substantially increased the flow of commerce between the several states resulting in increased interaction between persons of this State and persons of other states.

    This section, to insure maximum protection to citizens of this State, shall be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the United States Constitution, 14th amendment.

    2. Causes of action. Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

any party who commits in this State any act giving rise to a claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody. 14 M.R.S.A. § 704-A(2)(G) (1980). Contrary to Weaver's contention, this lawsuit does not arise out of Weaver's activities in Florida but out of his activity in Maine.

Weaver came voluntarily to Maine to be with Jackson when she told him she was pregnant with their child. He lived in Maine for a time and was enjoying the benefits and protections of Maine law when he committed the act of abandoning Jackson and his unborn son. Although he left Maine soon after he arrived, he had created a continuing obligation between himself and a resident of Maine pursuant to our child support statute, to which he was subject when he lived in Maine. 19 M.R.S.A. § 271 (1981).[3] By his knowing abandonment of his unborn son Weaver committed in Maine an act giving rise to Jackson's claim for child support pursuant to 19 M.R.S.A. § 214 (Supp.1995). Such an act confers on the courts of this state personal jurisdiction over Weaver pursuant to section 704-A(2)(G) to the extent that such personal jurisdiction comports with the requirements of due process.

■■■ The due process clause of the Constitution requires that three conditions be met before an out-of-state defendant who has committed such an act can be brought into a Maine forum:

(1) Maine ha[s] a legitimate interest in the subject matter of this litigation; (2) the defendant, by his conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice.

*Murphy v. Keenan*, 667 A.2d 591, 593 (Me. 1995). The plaintiff bears the burden of establishing the first two prongs of this three-part legal standard. *Id.* at 594. Where, as here, testimony regarding jurisdiction is included in the record, the plaintiff's showing must be based on specific facts set forth in the record. *Id.* The record is construed in a light most favorable to the plaintiff. *Id.* If the plaintiff meets these first two prongs, the burden then shifts to the defendant, who, in order to prevail, must establish that jurisdiction is improper because it does not comport with "traditional notions of fair play and substantial justice." *Id.*

■■■ Weaver concedes that Maine has a legitimate interest in the subject matter of this controversy. Beyond that, one who fathers a child and who is aware he has fathered a child and who has lived in Maine with the mother after conceiving the child and who then abandons his unborn child in Maine reasonably can be expected to contemplate an obligation of child support and reasonably can be expected to anticipate litigation in Maine to enforce such support. On the basis of undisputed testimony DHS and Jackson met their burden of establishing the first two prongs of the three-part legal standard for due process in the exercise of personal jurisdiction.

■■■ "The determination of fairness [for purposes of personal jurisdiction] depends upon the facts of each case." *Harriman v. Demoulas Supermarkets, Inc.*, 518 A.2d 1035, 1038 (Me.1986). In determining fairness, we consider the number, nature, and purpose of the defendant's contacts with Maine, the connection between those contacts and the cause of action, the interest of Maine in the controversy, and the convenience to both parties. *Id.*

Weaver's contact with Maine is central to the cause of the action Jackson brings against him. Maine was the site of Weaver's knowing abandonment of his child. As a result, Maine supported Weaver's child for several years. It comports with traditional notions of fair play and substantial justice for Weaver to be obliged to defend in Maine the action brought against him by Jackson and DHS to determine his child support and remuneration responsibilities. Weaver cannot on the basis of the evidence presented bear his burden of establishing that the court's

---

**3.** Enacted by P.L.1967, ch. 325, § 2; amended to allow for attorney fees in paternity actions, P.L. 1969, ch. 436.

personal jurisdiction over him for purposes of issuing a child support order is fundamentally unfair.

The personal jurisdiction over Weaver conferred on the Maine court by section 704–A(2)(G) complies with the federal constitutional requirements of due process.

The entry is:

Judgment affirmed. Remanded for further proceedings consistent with the opinion herein.

All concurring.