STATE OF MAINE
PENOBSCOT, ss.



FILED AND ENTERED
SUPERIOR COURT

NOV 1 3 2001

PENOBSCOT COUNTY

SUPERIOR COURT
Docket No. CV-00-85

PETER MAZZARO and
GAIL MAZZARO
      Plaintiffs

v.

ARCADIA MACHINE &
TOOL, INC., et al.
      Defendants

)
)
)
)
)
)
)
)
)
)
)

**ORDER AND DECISION**

Pending before the court are two motions to dismiss or, alternatively, for summary judgment filed by defendants Galena Industries ("Galena") and AMT Firearms ("AMT"). These motions are directed, respectively, against the plaintiff's claims and against defendant Camfour, LLS.'s cross-claims. Also pending are the plaintiffs' motion for summary judgment and motion to strike. Because the court concludes that Galena and AMT are not subject to the jurisdiction of this court either directly or based on a theory of successor liability, the claims asserted against those parties by the plaintiffs and by Camfour must be dismissed. Consequently, the court does not address the remaining motions.

## BACKGROUND

Galena and AMT filed their motions as motions to dismiss under rule 12(b)(2) or, alternatively, as motions for summary judgment under rules 7 and 56. By order dated January 30, 2001, the court gave the plaintiff leave to pursue discovery limited to the jurisdictional issue raised in the pending dispositive motions. In connection with their arguments, Galena, AMT and the plaintiffs have submitted statements of material fact and

1

supporting extrinsic material. Because the issue of personal jurisdiction implicates the information contained in the parties' rule 7 and 56(h) statements,[1] the court treats the pending motions as motions for summary judgment.

Summary judgment is proper only if the record on summary judgment shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *See* M.R.Civ.P. 56. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law; "[t]he plaintiff must establish a *prima facie* case for each element of the cause of action." *Rodrigue v. Rodrigue*, 1997 ME 99, ¶8, 694 A.2d 924, 926. The parties do not contest the principle that the plaintiff ultimately bears the burden of establishing that a defendant is within this court's jurisdiction. In the context of a summary judgment motion, the question is whether the record creates a genuine issue of material fact that such jurisdiction exists.

This action arises out of an April 1999 incident that occurred while the plaintiff Peter Mazzaro, an Augusta, Maine resident, was hiking and fishing in Lakeville, Maine. In his vest holster, Mr. Mazzaro was carrying an AMT Hardballer Model 1911, .45 caliber half-cocked semi-automatic pistol. He alleges that the safety was on. Mazzaro further alleges that while he was walking, the weapon discharged and caused permanent

---

[1]Galena and AMT filed their motions prior to the effective date of the amendments to rules 7 and 56. Thus, those submissions are covered by the old provisions. The plaintiffs' cross-motion for summary judgment was filed subsequent to the effective date of the changes to those rules. Their motion is therefore governed by the current formulations of those rules.

2

injuries to his left leg.

The plaintiffs brought this action against the defendants, alleging negligent manufacture and design of a firearm, against Arcadia[2] (Count I); strict liability as a manufacturer of a defective or unreasonably dangerous weapon, against Arcadia (Count II); breach of implied warranty of merchantability, in violation of 11 M.R.S.A. § 2-314, against Arcadia (Count III); strict liability as a distributor of a defective or unreasonably dangerous weapon, against Camfour[3] (Count IV); strict liability as a seller of a defective or unreasonably dangerous weapon, against David Purinton[4] (Count V); negligent failure to warn and failure to inspect, against Purinton (Count VI); breach of implied warranty of merchantability, against Purinton (Count VII); liability as a successor corporation of Arcadia, against AMT[5] (Count VIII); liability as a successor corporation of AMT, against Galena[6] (Count IX); and Gail Mazzaro's loss of consortium, against all defendants (Count X). The claims against AMT and Galena are based on allegations that those defendants are liable to the plaintiffs ultimately because of the actionable conduct of Arcadia. The plaintiffs do not allege

[2] Arcadia Machine & Tool, Inc. is a California corporation formerly doing business in California.

[3] Camfour, Inc. is a Massachusetts corporation doing business in Massachusetts.

[4] Purinton is a resident of Brunswick, Maine, doing business as Brunswick Gun Shop in Brunswick, Maine.

[5] AMT Firearms, Inc. is a Nevada corporation doing business in Nevada.

[6] Galena is a Nevada corporation doing business in South Dakota.

3

independent conduct that exposes AMT and Galena to liability for reasons that exceed the alleged grounds against Arcadia. See generally RESTATEMENT (THIRD) OF TORTS § 13 (1998) (liability of successor corporation for that corporation's separate conduct).

Camfour subsequently brought crossclaims against Arcadia, Purinton, Brunswick Gun Shop, AMT, and Galena, seeking contribution if Camfour is found liable.

Defendants Galena and AMT now move to dismiss the plaintiffs' counts and Camfour's crossclaims against them for lack of personal jurisdiction under M.R. Civ. P. 12 (b)(2) or under the various provisions controlling summary judgment practice. They also move the court to dismiss the plaintiffs' claims and Camfour's crossclaims under M.R. Civ. P. 12 (b)(6), or in the alternative for summary judgment, as neither Galena nor AMT assumed any successor liabilities of Arcadia.

## DISCUSSION

Galena and AMT contend that the court should dismiss the plaintiffs' and Camfour's claims against them because it does not have personal jurisdiction under Maine's Long-Arm Statute. The plaintiffs disagree and argue that the statute does bring Galena and AMT under the jurisdiction of the court. Camfour maintains that because its crossclaims are dependent on the plaintiffs' claims, the court's determination of this matter should apply to Camfour as well.

Because the plaintiffs' claims against AMT and Galena are grounded on allegations that Arcadia's conduct was actionable, the court must consider whether Arcadia, AMT or Galena is subject to this court's jurisdiction.

4

Maine's jurisdiction over nonresident defendants is controlled by its long-arm statute, 14 M.R.S.A. § 704-A,[7] as well as the due process clause of Maine's Constitution, Me. Const. art I, § 6-A. Maine's jurisdictional reach is coextensive with the due process clause of the United States Constitution, U.S. Const. amend. XIV, § 1. In order for Maine to exercise personal jurisdiction over a nonresident defendant, due process requires that (1) Maine have a legitimate interest in the subject matter of the litigation; (2) the defendant, by his conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice.

Murphy v. Keenan, 667 A.2d 591, 593 (Me. 1995). "The plaintiff bears the

---

7 14 M.R.S.A. § 704-A provides in pertinent part:

**Persons subject to jurisdiction**
**1. Declaration of purpose.** It is declared, as a matter of legislative determination, that the public interest demands that the State provide its citizens with an effective means of redress against nonresident persons who, through certain significant minimal contacts with this State, incur obligations to citizens entitled to the state's protection. This legislative action is deemed necessary because of technological progress which has substantially increased the flow of commerce between the several states resulting in increased interaction between persons of this State and persons of other states.

This section, to insure maximum protection to citizens of this State, shall be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the United States Constitution, 14th amendment.

**2. Causes of action.** Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

**A.** The transaction of any business within this State;

**B.** Doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State;

\* \* \*

**I.** Maintain any other relation to the State or to persons or property which affords a basis for the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States.

burden of establishing the first two prongs of this three-prong legal standard." Jackson v. Weaver, 678 A.2d 1036, 1039 (Me. 1996). "When there has been no testimonial hearing and the court proceeds on the parties' pleadings and affidavits [as it has done here], the plaintiff need only make a *prima facie* showing that jurisdiction exists, and the plaintiff's written allegations of jurisdiction are to be construed in its favor." Interstate Food Processing Corp. v. Pellerito Foods, Inc., 622 A.2d 1189, 1191 (Me. 1993). If the plaintiff meets these first two prongs, the defendant must establish that jurisdiction is improper because it does not comport with traditional notions of fair play and substantial justice. Jackson, 678 A.2d at 1039.

Based on the present record as it relates to Arcadia, AMT and Galena, the plaintiffs have satisfied the first prong. They argue that Mr. Mazzaro purchased, used, and was subsequently injured by the firearm in Maine. The fact that the incident occurred in Maine is enough to satisfy the first prong, because the State has an obvious interest in providing a means of redress for residents injured within its borders. See Tyson v. Whitaker & Son, Inc., 407 A.2d 1, 4 (Me. 1979), *recons. denied* 411 A.2d 389 (Me. 1980). Maine also has a concern for those receiving medical treatment in Maine. See Harriman v. Demoulas Supermarkets, Inc., 518 A.2d 1035, 1037 (Me. 1986), *cert. denied* 481 U.S. 1048 (1987). "The likely presence of witnesses in regard to the accident and subsequent hospitalization, and other evidence in Maine, along with the potential medical creditors here, provides the required connection between 'the defendant, the forum, and the litigation.'" Tyson, 407 A.2d at 4, quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

6

The next question, embodied in the second prong of the jurisdictional inquiry, is whether Galena and AMT, by their conduct, reasonably could have anticipated litigation in Maine. To satisfy this element of jurisdictional proof, the plaintiffs must demonstrate that Galena and AMT purposefully engaged in activities which should have put them on notice of the possibility that they would be haled into a Maine court. See Tyson, 407 A.2d at 4. The only "contact" the plaintiffs allege Galena and AMT had with Maine is that Arcadia, their predecessor, placed its guns into interstate commerce, thereby subjecting Arcadia, Galena, and AMT to liability throughout the United States, where the guns were distributed and sold.[8]

"[A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state." Asahi Metal Industry Co., Ltd. v. Superior Court of California, 480 U.S. 102, 112 (1987). See Boit v. Gar-Tec Products, Inc., 967

---

[8]Galena and AMT argue that they themselves -- without regard to Arcadia's conduct -- are not subject to the jurisdiction of the Maine courts. They then argue that there is no viable claim of successor liability based on the acts and omissions of Arcadia. Galena and AMT do not expressly argue that Arcadia's conduct would not bring it within this court's authority. However, this latter issue has been raised by the plaintiffs. They argue that the Maine courts have personal jurisdiction over Arcadia because Arcadia, as the manufacturer of the gun at issue, placed that instrumentality into the stream of interstate commerce. See, e.g., "Plaintiffs' Objection to Defendants' AMT Firearms, Inc. and Galena Industries, Inc. Motion to Dismiss and in the Alternative Motion for Summary Judgment and Plaintiffs' Countermotion for Summary Judgment" at pp. 9-10; "Plaintiffs' Reply to Defendants' AMT Firearms, Inc. and Galena Industries, Inc. Objection to Plaintiffs' Countermotion for Summary Judgment" at p. 2. On that predicate, the plaintiffs go on to argue that Galena and AMT should have anticipated the possibility of litigation in Maine's state courts because they are subject to successor liability. Through this analysis, the plaintiffs have expressly addressed the question of whether Arcadia itself is subject to this court's jurisdiction.

F.2d 671, 683 (1st Cir. 1992); <u>Sohn v. Bernstein</u>, 279 A.2d 529, 538 (Me. 1971) (the bare assertion that the nonresident put its defective product into the stream of commerce, without more, is insufficient under Maine's long-arm statute). The plaintiffs' evidence falls below that needed to create a genuine factual argument in support of this court's jurisdiction. The plaintiffs have submitted no evidence demonstrating that Arcadia, Galena, or AMT intended to serve the market in Maine. For example, there is no evidence that Arcadia, Galena, or AMT designed the product for Maine, advertised in Maine, established channels for providing regular advice to customers in Maine, or marketed the product through a distributor who had agreed to serve as a sales agent in Maine. <u>See Boit</u>, 967 F.2d at 683. Furthermore, the plaintiffs have not shown that Arcadia, Galena, or AMT has or had any offices, agents, employees, or property in Maine, or that any of those defendants created, controlled, or employed the distribution system that brought its firearms into Maine.

Although the plaintiffs therefore themselves have raised the question of whether Arcadia is subject to this court's jurisdiction, they have failed to present any record evidence suggesting that Arcadia, AMT or Galena engaged in activities sufficient to establish minimum jurisdictional contacts with the State of Maine.[9] In light of this conclusion,

---

[9]The conclusion that the Maine courts do not have jurisdiction over Arcadia has application and effect only as part of the analysis associated with the motions addressed in this order. Arcadia has not entered an appearance in this case, and a default has been entered against it. The defense of lack of personal jurisdiction under rule 12(b)(2) is waived unless properly asserted. *See* M.R.Civ.P. 12(h)(1). Therefore, in the present context, because Arcadia has not taken steps to preserve and assert such a defense, it gains nothing from the court's conclusion -- resulting from motions involving other parties to this action -- that the court does not jurisdiction over it.

the court need not and does not address the arguments presented by the parties of whether, if there were personal jurisdiction, AMT and Galena could be liable as successors to the rights and liabilities of Arcadia.

The plaintiffs also argue that the court can exercise personal jurisdiction by "piercing the corporate veil." In support of this argument, the plaintiffs state that AMT and Galena have abused the privilege of a separate corporate identity and that an unjust or inequitable result would occur if the court recognized the separate corporate existence. The court need not and does not reach the merits of this argument. Even if the plaintiff's theory of liability is valid in Maine, the plaintiffs fall short of showing that any such alleged abuse occurred within this state's borders. For the same reasons stated above, in the absence of a *prima facie* showing that any of Galena's or AMT's officers committed these acts in Maine or that such acts otherwise are subject to the jurisdiction of Maine's state courts, the court cannot exercise jurisdiction over them.

The plaintiffs consequently have failed to demonstrate that this court has personal jurisdiction over Galena and AMT. Without personal jurisdiction, the court need not and therefore does not address the remaining issues raised by the parties in the pending motions.


The docket entry will be:

The motions for summary judgment filed by defendants Galena Industries and AMT Firearms are granted. Counts 7 and 8 of the complaint, as amended, are dismissed. Defendant Camfour, LLC's cross-claims against Galena and AMT are dismissed. Galena and AMT are awarded their costs of court.

The plaintiff's motion for summary judgment is denied.

9

Dated: November 12, 2001

Justice, Superior Court

10

Date Filed __4/18/2000__    PENOBSCOT    Docket No. _____ CV-2000-85

County

Action __PERSONAL INJURY__

ASSIGNED TO JUSTICE JEFFREY L. HJELM

CROSSCLAIM

CAMFOUR, INC. - Amended 4/19/01
** ARCADIA MACHINE & TOOL, INC. d/b/a
AMT and
DAVID PURINTON d/b/a BRUNSWICK GUN SHOP,
and   AMT FIREARMS, INC.-added 8/2₹/00
GALENA INDUSTRIES, INC.

PETER MAZZARO and
GAIL MAZZARO

vs.    ~~CAMFOUR, LLC~~ - added 12/12/00

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| FERRIS DEARBORN & WILLEY<br>P O BOX 609<br>BREWER ME 04412-0609<br>BY: N. Laurence Willey, Esq. | PAUL CHAIKEN, ESQ., RUDMAN & WINCHELL<br>P O BOX 1401, BANGOR ME 04402-1401<br>FOR: David Purinton dba Brunswick Gun Shop |
| | FRIEDMAN BABCOCK & GAYTHWAITE<br>P O BOX 4726, PORTLAND ME 04112-4726<br>BY: Martha C. Gaythwaite, Esq.<br>    Michelle Allott, Esq.<br>FOR: Galena Industries & AMT Firearms, Inc. |

RICHARDSON WHITMAN LARGE & BADGER
P O Box 2429   Bangor ME   04402-2429    INC.
BY: Frederick Badger, Esq. FOR: CAMFOUR, ~~LLC~~
& Mary F. Kellogg, Esq.

| Date of Entry | |
|---|---|
| 4/18/00 | Complaint (Jury Trial Demanded) filed. |
| 4/19/00 | Case File Notice Postcard forwarded to Plaintiff's counsel. |
| 5/11/2000 | Officer's Return of Service on Defendant David Purinton Filed. (S.D. 5/5/2000 |
| 5/22/00 | Defenses and Answer by Defendant David Purinton d/b/a Brunswick Gun Shop filed |
| 6/14/00 | Motion for Enlargement of Time filed by Plaintiffs. (no obj.) |
| 6/16/00 | Order filed. The Motion is hereby GRANTED. The time for serving Defendant Arcadia Machine & Tool, Inc. and Defendant Galena Industries, Inc. is extended to 9/17/2000. (Mead, J.) Copy forwarded to attorneys of record. |
| 7/6/00 | Affidavit of Service as to Defendant Arcadia Machine & Tool, Inc. filed. (s.d. 6/27/00 by Leo Grizzaffi, Authorized Agent) (Attachments Attached) |
| 7/19/00 | Notification of Discovery filed by Defendant: Defendant Brunswick Gun Shop's First Request for Production of Documents Propounded to Plaintiff. |
| 8/18/00 | Notification of Discovery Service filed by Plaintiff, Interrogatories to Defendant Brunswick Gun Shop. |
| 8/21/2000 | Motion to Amend Complaint Filed by Plaintiffs. |
| 8/21/2000 | Amended Complaint (Jury Trial Demanded) Filed. |
| 8/22/2000 | Court's Ruling on Motion to Amend Complaint Filed. Motion Granted. Complaint Amdnded as requested. (Hjelm,J) Copy forwarded to all attorneys of record. |