STATE OF MAINE
ANDROSCOGGIN, ss.

ARGO MARKETING GROUP, INC.,        )
                                   )
            Plaintiff              )
                                   )
      v.                           )
                                   )
CATALINA SENA                      )
                                   )
and                                )
                                   )
HEALTH LINE MARKETING, LLC,        )
                                   )
            Defendants.            )

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-98

OCT 3 '17 AM10:33
ANDRO SUPERIOR COURT

ORDER ON DEFENDANT
HEALTH LINE MARKETING,
LLC'S MOTION TO DISMISS

Before the Court is Defendant Health Line Marketing, LLC's ("Health Line")
motion to dismiss pursuant to Maine Rule of Civil Procedure 12(b)(2). Plaintiff Argo
Marketing Group, Inc. ("Argo") objects.

I. Background

On or about April 12, 2016, Argo, a Maine corporation, and Health Line, a Florida
corporation, entered into an agreement whereby Argo would perform certain
telemarketing and customer services for Health Line's products. (Pl.'s Compl. ¶ 4.) Argo
filed a complaint dated May 17, 2017 alleging the sum of $79,465.21 is due and owing
from Health Line under the agreement and that, despite demand, Health Line has failed
to pay these outstanding invoices. (Pl.'s Compl. ¶ 6.) The complaint also alleges
Defendant Catalina Sena guaranteed the payment of all sums due to Argo from Health
Line and that Defendant Sena has likewise failed to pay the amount due. (Pl.'s Compl.
¶¶ 8-9.) Defendant Sena is not a party to this motion. On July 26, 2017, Health Line filed
this motion, alleging the State of Maine does not have personal jurisdiction over Health
Line because Argo's complaint does not allege any actions between the parties occurred
in Maine, that Argo sold any of Health Line's products in Maine, or that Health Line

otherwise transacts any business in Maine. (Mot. Dismiss 1-2.) On August 15, 2017, Argo filed an objection to this motion and attached the affidavit of Nicole Morgan, the Director of Client Services for Argo. In her affidavit, Morgan states that a representative of Health Line reached out to Argo's Director of Business Development to discuss and finalize the agreement made the basis of this lawsuit. (Morgan Aff. ¶¶ 5-6.) Further, all payments for services rendered by Argo to Health Line were made by wire to Argo's bank in Maine, all communications from Health Line to Argo were directed to Argo's offices in Maine, and the underlying agreement states the contractual relationship between the parties will be governed by the laws of the State of Maine. (Morgan Aff. ¶¶ 9-11.)

## II. Discussion

"The proper exercise of personal jurisdiction in a Maine court hinges on the satisfaction of two requirements: first, that the Maine Long-Arm Statute ... confers personal jurisdiction on the court; and second, that the exercise of jurisdiction pursuant to the long-arm statute complies with constitutional due process requirements." *Jackson v. Weaver*, 678 A.2d 1036, 1038 (Me. 1996). Maine's long-arm jurisdiction statute, 14 M.R.S. § 704-A(1), provides that "[t]his section, to insure maximum protection to citizens of this State, shall be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the United States Constitution, 14th amendment." The statute further states, in relevant part:

> Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits such person ... to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
> A.   The transaction of any business within this State;
>
> ...
>
> F.   Contracting to supply services or things within this State....

14 M.R.S. § 704-A(2). Without question, Health Line subjected itself to Maine's long-arm jurisdiction by transacting business within this state and by contracting with Argo to provide services within this state.

In addition to satisfying the long-arm statute, in order for the state of Maine to exercise jurisdiction over a non-resident defendant, the exercise of jurisdiction must comport with the Due Process clauses of the Maine Constitution, Me. Const. art. I, § 6-A, and the United States Constitution, U.S. Const. amend. XIV, § 1. Maine courts have developed a three-prong test to determine whether the exercise of personal jurisdiction over a non-resident defendant is consistent with the requirements of due process. This test requires that: 1) Maine has a legitimate interest in the subject matter of the controversy; 2) the defendant, by its conduct, should reasonably have anticipated litigating in Maine; and 3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice. *Estate of Hoch v. Stifel*, 2011 ME 24, ¶ 25, 16 A.3d 137; *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1191 (Me. 1993). The plaintiff bears the burden of establishing that jurisdiction is proper under the first two prongs of the test based on specific facts in the record. *Cavers v. Houston McLane Co.*, 2008 ME 164, ¶ 19, 958 A.2d 905. The burden then shifts to the defendant to show that jurisdiction is improper under the third prong. *See id.* "The record must be construed in the manner most favorable to the party asserting jurisdiction." *Id.*

As to the first prong, Maine has an interest in providing its citizens with a means of redress against non-residents. *Interstate Food Processing Corp.*, 622 A.2d at 1192. Furthermore, Maine has an interest in regulating non-resident "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of'" Maine. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985); *see Electronic Media Int'l v.*

*Pioneer Commc'ns of Am., Inc.*, 586 A.2d 1256, 1259 (Me. 1991). In this case, a representative of Health Line reached out to a representative of Argo to negotiate and contract for services that were provided entirely within the state of Maine. Because Health Line reached out to a Maine corporation to create this contractual relationship, thereby incurring continuing obligations to Maine citizens, Maine has a legitimate interest in the subject matter of this controversy.

Regarding the second prong, for a foreign corporation to be subject to Maine's jurisdiction, the corporation must have sufficient contacts with Maine to make it reasonable to require the corporation to defend the suit here. *Interstate Food Processing Corp.*, 622 A.2d at 1192. The defendant's contacts may not result solely from the unilateral activity of the plaintiff; rather, the defendant must purposefully avail itself of "the privilege of conducting activities within [Maine], thus invoking the benefits and protections of its laws." *Burger King Corp.*, 471 U.S. at 474-75; *Interstate Food Processing Corp.*, 622 A.2d at 1192. This requirement is met when a defendant purposefully directs his activities at Maine residents by deliberately engaging in significant activities in Maine or by creating continuing obligations between himself and Maine residents. *Hoch*, 2011 ME 24, ¶ 27, 16 A.3d 137; *Interstate Food Processing Corp.*, 622 A.2d at 1192. Clearly, by reaching out to Argo to establish a business relationship under a contract which was fully performed in this state, Health Line, through its own conduct, created meaningful contacts with Maine residents and purposefully availed itself of the privilege of conducting business in Maine. Health Line compensated Argo for its services by wiring payment to a bank in Maine, and all communications from Health Line to Argo were directed to Argo representatives in Maine. Further establishing that Health Line purposefully availed itself of the laws and protections of the state of Maine, the choice of law provision in its contract with Argo specifically provides that the agreement is

governed by Maine law. Health Line's conduct in negotiating, entering into, and carrying out its contract with Argo establish that it should have reasonably anticipated litigating in Maine.

As to the third prong, Health Line has not met its burden of demonstrating that the exercise of personal jurisdiction over them in Maine does not comport with traditional notions of fair play and substantial justice. "'This analysis requires consideration of a variety of factors including the nature and purpose of defendant's contacts with [Maine], the connection between the contacts and the cause of action, the number of contacts, the interest of [Maine] in the controversy, and the convenience and fairness to both parties.'" *Hoch*, 2011 ME 24, ¶ 28, 16 A.3d 137 (quoting *Cavers*, 2008 ME 164, ¶ 36, 958 A.2d 905). Health Line has not put forth any argument that Maine's exercise of personal jurisdiction over them would be unfair or unjust.

III. Conclusion

For the foregoing reasons, this Court finds it may exercise personal jurisdiction over Health Line in this matter, and thus there is no basis to dismiss Argo's complaint under Maine Rule of Civil Procedure 12(b)(2). The Court DENIES Defendant Health Line Marketing, LLC's motion to dismiss. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _10/3/17_

MaryGay Kennedy
Justice, Superior Court

ARGO MARKETING GROUP INC - PLAINTIFF

Attorney for: ARGO MARKETING GROUP INC
JOHN D CLIFFORD IV - RETAINED
CLIFFORD & GOLDEN PA
5 MAPLE STREET
PO BOX 368
LISBON FALLS ME 04252


vs
HEALTH LINE MARKETING LLC - DEFENDANT

Attorney for: HEALTH LINE MARKETING LLC
JAMES E BELLEAU  - LIMITED 07/26/2017
TRAFTON MATZEN BELLEAU & FRENETTE
TEN MINOT AVENUE
PO BOX 470
AUBURN ME 04212


CATALINA SENA  - DEFENDANT

Attorney for: CATALINA SENA
JAMES E BELLEAU  - RETAINED 07/26/2017
TRAFTON MATZEN BELLEAU & FRENETTE
TEN MINOT AVENUE
PO BOX 470
AUBURN ME 04212

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No   AUBSC-CV-2017-00098


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 07/25/2017

## Docket Events:

07/25/2017 FILING DOCUMENT - COMPLAINT FILED ON 07/25/2017

07/25/2017 Party(s):  ARGO MARKETING GROUP INC
          ATTORNEY - RETAINED ENTERED ON 07/25/2017
          Plaintiff's Attorney: JOHN D CLIFFORD IV

07/25/2017 Party(s):  HEALTH LINE MARKETING LLC
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 06/07/2017
          HEALTH LINE MARKETING THROUGH ALYSSA ROBERT

07/25/2017 Party(s):  HEALTH LINE MARKETING LLC
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 07/25/2017

07/27/2017 Party(s):  CATALINA SENA
          RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 07/26/2017
          CATALINA SENA

07/27/2017 Party(s):  HEALTH LINE MARKETING LLC
          MOTION - MOTION TO DISMISS FILED ON 07/26/2017
          AS TO DEFENDANT HEALTH LINE MARKETING WITH PROPOSED ORDER

07/27/2017 Party(s):  HEALTH LINE MARKETING LLC

Printed on: 10/03/2017